## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALAN SISNEROS,

      Plaintiff,

vs.                                                                                                             No. CIV-06-1019 JB/RLP

BENEDICT B. WILSON;
CRST INTERNATIONAL, INC.;
AMERICAN INTERNATIONAL GROUP, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff Alan Sisneros' Motion to Remand, filed November 1, 2006 (Doc. 6)("Motion to Remand"). The primary issue is whether the Court should remand Sisneros' personal injury action to New Mexico State District Court because the amount in controversy is insufficient to support federal diversity jurisdiction. Because the Court finds that the Defendants have failed to prove by a preponderance of the evidence that the amount in controversy is sufficient to establish federal diversity jurisdiction over Sisneros' state-law cause of action, the Court will grant the motion in part, deny it in part, and remand the case.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2006, Sisneros filed a Complaint for Personal Injury against the Defendants in New Mexico State District Court. See Sisneros v. Wilson, No. D-424-CV-200600035 (N.M. Fourth Jud. Dist. 2006). Sisneros alleges that, on May 18, 2003, he was lawfully driving eastbound on State Road 156 in Santa Rosa, New Mexico when a semi-truck that Defendant Benedict Wilson was driving westbound struck his vehicle. See id., Complaint ¶¶ 10-13, at 2-3 ("Complaint"). Sisneros asserts that Defendant CRST International, Inc. ("CRST") owned the semi-truck, and that, at the time

of the accident, Defendant American International Group, Inc. ("AIG") insured Wilson and CRST under a liability policy purchased pursuant to a statutory mandate contained in the New Mexico Financial Responsibility Act, N.M. Stat. Ann. § 66-5-201 to -239.  See id. ¶¶ 7, 11, at 2.

Sisneros asserts that, at all times material to this action, he was a resident of Guadalupe County, New Mexico.  See Complaint ¶ 1, at 1.  The Defendants admit that at all times material to this action: (i) Wilson was a resident of Harris County, Texas, see Complaint ¶ 2, at 1; Defendant CRST Van Expedited, Inc, and American International Group, Inc.'s Answer to Plaintiff's Complaint for Personal Injury ¶ 1, at 1, filed October 20, 2006 (Doc. 2)("Answer"); (ii) CRST was a domestic profit organization with its principal place of business in Cedar Rapids, Iowa, see Complaint ¶ 3, at 1; Answer ¶ 2, at 1; and (iii) AIG was a foreign business corporation with its principal place of business in New York, New York, see Complaint ¶ 4, at 2; Answer ¶ 3, at 1.

On May 3, 2006, Sisneros made a policy limits settlement offer;[1] in the settlement offer Sisneros states that he had incurred damages, as of that date, of $8,234.32 in past and future medical expenses and approximately $32,332.50 in lost wages.  See Response in Opposition to Motion to Remand ¶ 2, at 1, filed November 13, 2006 (Doc. 9)("Response"); Response, Exhibit A at Part IV ("May 3 Settlement Offer").  Sisneros also asserted that he was entitled to punitive damages.  See May 3 Settlement Offer.  On August 15, 2006, Sisneros revised his offer and advised the Defendants that he would settle the case for $185,000.00.  See Response ¶ 4, at 1; Response, Exhibit C, Letter from Thomas B. Stribling to AIG Claim Services, Inc. (dated August 15, 2006)("August 15 Letter").

The Defendants represent that they were served with Sisneros' Complaint on or about

---

[1]The policy limit for the policy in effect at the time of the accident is $5,000,000.00.  See Response in Opposition to Motion to Remand ¶ 3, at 1, filed November 13, 2006 (Doc. 9)("Response"); Response, Exhibit B, Commercial Auto Coverage Part Truckers Declarations.

September 25, 2006. See Response ¶ 5, at 2. The Defendants state that, during a telephone conversation on October 19, 2006, the Defendants' counsel informed Plaintiff's counsel that the Defendants would be removing the matter to federal court. See id. ¶ 6, at 2.

Sisneros represents that, on October 19, 2006, he authorized his counsel to lower his settlement offer below the federal jurisdictional minimum of $75,000.00. See Plaintiff's Reply to Defendants' Response to Motion to Remand ¶ 2, at 1, filed November 17, 2006 (Doc. 11)("Reply"). The Defendants acknowledge that they received a faxed settlement offer from Sisneros for $74,750.00 on October 20, 2006. See Response ¶ 6, at 2. The Defendants represent that they received this offer after they had dispatched their courier to file their pleadings in federal court. See id.

Sisneros represents that he faxed his $74,750.00 offer to the Defendants' counsel on October 20, 2006 at 11:30 a.m. See Reply ¶ 2, at 1. The Defendants' Notice of Removal was filed in federal court on the same day at 3:42 p.m. See Notice of Removal, filed October 20, 2006 (Doc. 1). The Defendants' Notice of Removal represents that they are attempting to remove the case pursuant to 28 U.S.C. §§ 1334, 1441 and 1446, see id. at 1, and states that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a)-(b), and 1446, see id. ¶ 4, at 2. The Defendants' Notice of Removal makes no reference to the diversity jurisdiction statute, 28 U.S.C. § 1332, and does not contain any affirmations regarding the amount in controversy. Sisneros states that his counsel received the Defendants' Notice of Removal on October 24, 2006 and, on October 27, 2006, asked the Defendants to stipulate to a remand of the case back to state district court. See Reply ¶ 6, at 2. The Defendants declined to stipulate to a remand. See id.

Sisneros filed his motion to remand this case to state court on November 1, 2006. See

Motion to Remand.  Sisneros argues that the Defendants' removal is deficient, "lacking evidence or even an assertion that the requisite jurisdictional amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332."  Id. ¶ 1, at 1.  In addition, Sisneros asserts that, under Martin v. Franklin Capital Corp., 126 S. Ct. 704 (2005), he is entitled to attorneys' fees associated with this motion for remand.  See Motion to Remand at 5.  The Defendants oppose remand, note that Sisneros' earlier demands were well above the jurisdictional minimum, and assert that Sisneros' offer of $74,750.00 was "[c]learly . . . made to try to defeat the Court's jurisdiction over the matter."  Response ¶¶ 6, 9, at 2.

## RELEVANT LAW REGARDING MOTIONS TO REMAND

A party opposing removal may move "to remand the case on the basis of any defect other than lack of subject-matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Failure to move for remand within thirty days on any basis other than subject-matter jurisdiction constitutes a waiver of any objection to the removal on grounds of procedural irregularity.  See Feichko v. Denver & Rio Grande W. R.R. Co., 213 F.3d 586, 590 (10th Cir. 2000); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998)("[A]ny defect in the removal process other than the lack of subject-matter jurisdiction must be raised within 30 days or is forfeited.").  A case may be remanded for lack of subject-matter jurisdiction at any time before final judgment is entered.  See 28 U.S.C. § 1447(c).

## LAW REGARDING THE COURT'S SUBJECT-MATTER JURISDICTION

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2616 (2005).  Federal courts "possess only that power authorized by [the] Constitution and statute."  Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law -- federal question jurisdiction -- and controversies arising between citizens of different states where the amount in controversy exceeds $75,000.00 -- diversity jurisdiction.  See 28 U.S.C. §§ 1331(a)(1) and 1332.

### 1. **Amount in Controversy.**

The United States Court of Appeals for the Tenth Circuit has cautioned district courts that they "must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."  Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1339 (10th Cir. 1998). Consequently, in diversity cases, there is a presumption against diversity jurisdiction.  See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001).  District courts must narrowly construe removal statutes, "and all doubts are to be resolved against removal."  Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

Where a plaintiff has originally chosen a federal forum, the Supreme Court of the United States has stated that the plaintiff's claim is presumed to be in good faith and to support diversity jurisdiction.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).  In a removed case, however, the defendant's assertion that the amount in controversy exceeds the jurisdictional requisite does not enjoy the same presumption of accuracy, "[b]ecause the plaintiff instituted the case in state court, [and] 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.'"  Martin v. Franklin Capital Corp., 251 F.3d. at 1289 (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 375 (9th Cir. 1997)).

When the defendant, and not the plaintiff, is invoking federal jurisdiction, the "burden is on

the [defendant] to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds [$75,000.00].'" Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(quoting Gause v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). Furthermore, where the plaintiff's complaint does not specify the amount of damages requested, most courts have held that the defendant must establish the jurisdictional amount by a preponderance of the evidence. See Martin v. Franklin Capital Corp., 251 F.3d. at 1290. Although the Tenth Circuit has not expressly adopted this standard, see id., it has stated that "the requisite amount in controversy . . . must be affirmatively established on the face of either the petition or the removal notice." Laughlin v. Kmart Corp., 50 F.3d at 873. See Martin v. Franklin Capital Corp., 251 F.3d. at 1290 (holding that the standard articulated in Laughlin v. Kmart Corp. "requires at a minimum that the jurisdictional amount be shown by a preponderance of the evidence").

In evaluating whether the amount in controversy satisfies the jurisdictional requisite, a court should consider the amount "required to satisfy the plaintiff's demand, in full, on the date suit begins." Hart v. Schering-Plough Corp., 253 F.3d 272, 273 (7th Cir. 2001). Accordingly, post-dated economic analysis prepared subsequent to the notice of removal is insufficient to establish the existence of the jurisdictional amount at the time the motion for removal was filed. See Laughlin v. Kmart Corp., 50 F.3d at 873.

## ANALYSIS

While Sisneros mentions procedural irregularities, he does not point to any statutory irregularities. The only issue at this stage is whether the Court has subject-matter jurisdiction over the case. The Court concludes that it does not.

**I.  THE COURT WILL ADDRESS ONLY WHETHER IT HAS SUBJECT-MATTER JURISDICTION AND NOT ANY PROCEDURAL IRREGULARITIES.**

The Defendants' Notice of Removal represents that they are attempting to remove the case pursuant to 28 U.S.C. §§ 1334, 1441 and 1446, see Notice of Removal at 1, and states that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a)-(b), and 1446, see id. ¶ 4, at 2. The Court notes that the Defendants' Notice of Removal is the only pleading that they have filed that makes any reference to 28 U.S.C. § 1334 -- which endows the federal courts with exclusive jurisdiction over bankruptcy cases -- and to 28 U.S.C. § 1331 -- which grants federal courts jurisdiction over cases that arise under federal law. More important, the Defendants have not provided the Court with any explanation as to how these statutes support federal jurisdiction under the facts of this case. The Defendants' Notice of Removal makes no reference to the diversity jurisdiction statute, 28 U.S.C. § 1332.

The Complaint that Sisneros filed in state court is styled as a state-law personal injury action proceeding under theories of negligence, see Complaint ¶¶ 17-21, at 3-4, and negligent entrustment, see id. ¶¶ 22-26, at 4-5. These claims do not constitute a bankruptcy case nor do they arise under federal law. Consequently, the Defendants' Notice of Removal fails to accurately state a proper statutory basis for removal jurisdiction.

Pursuant to 28 U.S.C. § 1446(a), a defendant desiring to remove a case to federal court must include "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a). Nevertheless, the Court need not decide whether the Defendants' Notice of Removal is defective on that basis. Although Sisneros, in his Motion to Remand, has characterized the Defendants' Notice of Removal as "procedurally defective," he makes no reference to the statutes upon which the

Defendants premise their removal or whether 28 U.S.C. §§ 1331 and 1334 apply to the facts of this case; the only grounds that he offers for this assertion is that the case fails to satisfy the minimum amount in controversy requirement. See Motion to Remand. Failure to move for remand within thirty days on any basis other than subject-matter jurisdiction constitutes a waiver of any objection to the removal on grounds of procedural irregularity. See Feichko v. Denver & Rio Grande W. R.R. Co., 213 F.3d 586, 590 (10th Cir. 2000). The case is here now and because Sisneros did not make a timely challenge to the statutory basis upon which the Defendants premised their removal, the Court must now limit its analysis to whether it has subject-matter jurisdiction over the case.

The diversity jurisdiction statute, 28 U.S.C. § 1332, grants federal courts jurisdiction over state law causes of action when: (i) each of the parties are citizens of different states; and (ii) the amount in controversy is greater than $75,000.00. See 28 U.S.C. § 1332(a)(1). The parties have all acknowledged that the case involves completely diverse parties, and have confined their arguments to whether the case involves the requisite amount in controversy to establish federal jurisdiction. Because the Court understands that it must rigorously enforce Congress' intent to limit federal jurisdiction in diversity cases, and because neither Sisneros' Complaint nor the Defendants' Notice of Removal affirmatively establish the requisite amount in controversy, the Court finds that it does not have jurisdiction over the matter and will remand the case.

## II.   THE DEFENDANTS HAVE NOT MET THEIR BURDEN TO PROVE THE REQUISITE AMOUNT IN CONTROVERSY BY A PREPONDERANCE OF THE EVIDENCE.

As the party invoking the Court's jurisdiction, the Defendants have the burden to prove that the requirements for the exercise of diversity jurisdiction are satisfied at least by a preponderance of the evidence. Because Sisneros does not specify damages in his Complaint, "[t]he burden is on the

[Defendants] to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds [$75,000.00]." Laughlin v. Kmart Corp., 50 F.3d at 873. The Defendants have failed to meet this burden.

In Counts I and II of his Complaint, Sisneros requests the Court find Wilson liable for negligence and CRST liable for negligent entrustment. See Complaint at 3, 4. Pursuant to both these Counts, Sisneros seeks a judgment adequate "to compensate [Sisneros] for his injuries, damages and losses, plus costs of this action, as well as pre-judgment and post-judgment interest, and such further relief as this Court may deem just and proper." Id. at 4, 5. In Count III of the Complaint, he seeks an unspecified amount of punitive damages against Wilson and CRST. See id. at 6. Count IV of the Complaint does not raise any additional claims or allegations, but seeks to make AIG liable for any judgment awarded to Sisneros pursuant to a theory of indemnity. See id. In sum, the Complaint makes no specific demands regarding damages and it does not attempt to quantify a specific damages amount.

Likewise, the Defendants' Notice of Removal makes no reference to any amount in controversy. The Notice of Removal attaches Sisneros' Complaint, which makes no specific allegations with regard to any amount in controversy. Nor does the Defendants' Answer, filed contemporaneously with its Notice of Removal, attempt to quantify damages or make any specific allegations with regard to an amount in controversy. The only information that the Defendants have submitted that makes any attempt to establish the requisite amount in controversy is in their Response to Sisneros' Motion to Remand.

In Laughlin v. Kmart Corp., the defendant, Kmart, attempted to remove a plaintiff's state court action that raised two claims that the plaintiff described merely as being "in excess of $10,000"

-9-

for each. Kmart attached the plaintiff's petition to its notice of removal, but did not make any reference to the amount of controversy in the notice; indeed, Kmart did not allege any facts related to the amount in controversy until it filed its jurisdictional brief in response to the plaintiff's motion to remand. The Tenth Circuit in Laughlin v. Kmart Corp. acknowledged Kmart's jurisdictional brief, but held that "Kmart's economic analysis of [the plaintiff's] claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made." 50 F.3d at 873. In reaching this conclusion, the Tenth Circuit emphasized that, to support the exercise of diversity jurisdiction, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Id. See Lowe v. Equity Ins. Co., No. CIV-06-446-JHP, 2006 U.S. Dist. LEXIS 83299, at *9 (E.D. Okla. Nov. 15, 2006)(observing that, under Tenth Circuit precedent, a defendant's failure to include specific allegations regarding the amount in controversy in the Notice of Removal "cannot simply be cured in arguments presented in a later motion or brief").

Similarly, the Defendants in this case did not present any specific evidence regarding the amount in controversy until they submitted their jurisdictional brief in opposition to Sisneros' Motion to Remand. Consequently, the amount in controversy is not affirmatively established in either Sisneros' Complaint or the Defendants' Notice or Removal. Without more, the Defendants have not met the requirement that the Tenth Circuit set forth in Laughlin v. Kmart Corp.

Furthermore, even when the Court considers the arguments that the Defendants make in their Response, it is not convinced that the Defendants have proved by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. Although the Defendants refer to several

-10-

settlement offers that Sisneros made, the only figures offered as being tied to Sisneros' actual damages are the $8,234.32 in past and future medical expenses, and approximately $32,332.50 in lost wages that Sisneros lists in his May 3, 2006 settlement offer. See Response ¶ 9, at 1. The Defendants note that this total, $40,566.82, does not include compensation for pain and suffering or punitive damages. See id.

In an apparent attempt to demonstrate that Sisneros' case involves more than $75,000.00, the Defendants cite the United States Court of Appeals for the Fifth Circuit's decision in United States Fire Insurance Co. v. Villegas, 242 F.3d 279, 284 (5th Cir. 2001), for the proposition that a good-faith pleading of punitive damages may be included in a determination of an amount in controversy. See Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994)(citing Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240-41 (1943), for the proposition that "punitive and actual damages can be aggregated to meet [the] amount in controversy requirement"). The Defendants' argument is not persuasive for two reasons. First, in United States Fire Insurance Co. v. Villegas, it was the plaintiff, and not the defendant, who was attempting to incorporate a good-faith accounting of potential punitive damages into its proffered amount in controversy. In this case, not only have the Defendants not quantified a potential punitive damages award, they have affirmatively denied that punitive damages are available in this case.[2] Second, even if the Court were to permit the Defendants to refute the availability of punitive damages while concomitantly counting them towards the requisite jurisdictional amount, the Defendants have not explained why, if Sisneros is entitled to these awards, the Court should reasonably expect them to be equivalent to at least $34,434.18.

---

[2]In their Answer to Sisneros' Complaint, the Defendants represent that Sisneros' "claims for punitive damages are in violation of the[] Defendants' Due Process and Equal Protection rights and are contrary to the United States and New Mexico Constitutions." Answer ¶ 3, at 4.

Finally, the Defendants also draw the Court's attention to Sisneros' earlier settlement offers and argue that these are proof of the case's value being greater than $75,000.00. The Defendants appear to further argue that, because the value of the amount in controversy is determined at the time the case is filed, Sisneros' offer below the federal jurisdictional minimum, made over five months after the case was filed in state court, is not relevant to the Court's calculation of the amount in controversy.

The Defendants argument with respect to the settlement offers is also off the mark. First, although the Defendants assert in their Response that "[t]he amount in controversy is determined on the date that suit is filed," see Response ¶ 8, at 2, the case they cite for this proposition, the United States Court of Appeals for the Seventh Circuit's opinion in Hart v. Schering-Plough, states that "[t]he amount in controversy is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins." 253 F.3d at 273. In making a settlement offer, however, plaintiffs often ask for more than what is required to satisfy their demands. A plaintiff's settlement offer is for what the plaintiff would like to settle the case, or for what they would be willing to settle the case; it is not necessarily, if ever, limited to the amount required to satisfy the plaintiff's demand.

Second, although the Court agrees with the Defendants' contention that "a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," Response ¶ 8, at 2 (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)), it is not convinced that Sisneros' earlier settlement offers for amounts above the jurisdictional minimum are a more reasonable estimate of his claim than the one he tendered on October 20, 2006. Given that the only figures associated with actual damages amount to approximately $40,000.00, and that the Defendants contest the availability of punitive damages in this case, the Court believes that

Sisneros' most recent settlement offer of $74,750.00 may be the most reasonable estimate of his claim. In any case, without more, the Court does not believe that the Defendants have proved by a preponderance of the evidence that the amount in controversy is greater than $75,000.00.

Neither Sisneros' Complaint nor the Defendants Notice of Removal affirmatively establish the requisite amount in controversy to support the exercise of diversity jurisdiction in this matter. The Defendants, as the party invoking federal jurisdiction, have the burden to prove by at least a preponderance of the evidence that the Court has jurisdiction over this matter. Because the Defendants have failed to satisfy this burden, the Court finds it has no jurisdiction over this matter and will grant Sisneros' Motion to Remand.

### III.   THE COURT WILL NOT AWARD SISNEROS ATTORNEYS FEES ASSOCIATED WITH THIS REMOVAL AND REMAND.

The statutes governing removal procedure provide that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has recently held that "the standard for awarding fees [under 28 U.S.C. § 1447(c)] should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 126 S. Ct. at 711. In a unanimous opinion authored by Chief Justice Roberts, the Supreme Court in Martin v. Franklin Capital Corp., stated that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id.

The Court believes that the Defendants' attempt to remove the case to federal court was objectively reasonable. There is no evidence that the Defendants executed the Notice of Removal in

-13-

bad faith to prolong litigation, postpone liability, or impose costs upon Sisneros.  Given the history of settlement negotiations between the parties, during which Sisneros twice made settlement offers significantly above the jurisdictional amount, the Defendants could have reasonably believed that the case satisfied the requirements of 28 U.S.C. § 1332.  Accordingly, the Court will not award Sisneros attorneys fees or other costs associated with his Motion for Remand.

**IT IS ORDERED** that the Plaintiff Alan Sisneros' Motion to Remand is granted in part and denied in part.  The Court will remand the case to the New Mexico State District Court.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Thomas B. Stribling
The Stribling Law Firm
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Nancy Franchini
Nathan H. Mann
Gallagher, Casados & Mann, P.C.
Albuquerque, New Mexico

   *Attorneys for the Defendants*